IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**LONZELL WRIGHT**                                                       **PLAINTIFF**

V.                                                                                 2:08-CV-208-SAA

**MICHAEL ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY**                                               **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Lonzell Wright for a period of disability and disability insurance benefits under Title II and Supplemental Income (SSI) benefits under Title XVI of the Social Security Act. This action is brought under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). The district court's jurisdiction over Wright's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636 (c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## PROCEDURAL HISTORY

Lonzell Wright filed his application for a period of disability, disability insurance benefits and supplemental security income on December 21, 2004, alleging an onset date of disability of January 1, 2003. Tr. 71-78. After his claim was denied twice, Wright requested a hearing before an administrative law judge [ALJ], which was held on October 11, 2007. On November 17, 2007, the ALJ issued his decision denying the claim. Tr. 8-21. Wright's request

for review by the Appeals Council was denied on August 15, 2008. Tr. 1-5. The Appeals Council's denial of the petition for review perfected the ALJ's decision as the final decision of the Commissioner, which is now ripe for the court's review.

## FACTS

Wright was born on April 4, 1964, and was 38 years old at the time of the onset of his alleged disability. Wright completed the ninth grade and can read and write English. Tr. 97, 108. He previously worked as a tool puller, manual laborer in construction demolition, garbage man, line worker/forklift operator, loader, and waiter. Tr. 103.

The plaintiff alleged that he suffered from a variety of medical and mental problems including knee surgeries, hernia repairs, sinus surgery, cirrhosis, back pain, hemorrhoids, chronic diarrhea, "nerve problems," and Crohn's disease. Tr. 27-32, 44. Extensive medical records detailing Wright's medical history and treatment were presented to ALJ.

The ALJ found that Wright suffered severe impairments of lymphocytic colitis/mild Crohn's disease, hypertension, history of cirrhosis of the liver, alcohol abuse (in remission), anxiety/depression, repaired meniscal tear, repaired inguinal hernia and early degenerative changes at L4-5 and L5-S1. Tr. 13. The ALJ went on to discuss Wright's medical records and determined that Wright's alcohol abuse, anemia, sinusitis, vocal cord nodule and varicies were not severe impairments. Tr. 13-17. The ALJ determined that Wright had the residual functional capacity [RFC] to lift/carry 20 pound occasionally and 10 pounds frequently; walk/stand four hours in an eight-hour day in intervals of one hour; sit six hours in an eight-hour day; occasionally stand, kneel, crouch, crawl, climb and balance; perform simple repetitive tasks, and he requires an environment where restroom facilities are readily available. Tr. 17. The ALJ

2

then went on to address whether Wright had a medically determinable physical or mental impairment, Tr. 17-18, and determined that Wright had chronic conditions including back pain, hypertension and epigastric distress with some ongoing bowel problems. Tr. 19. The ALJ, however, found that Wright's lack of candor regarding his alcohol consumption undermined Wright's credibility. Tr. 19. Consequently, the ALJ determined that Wright was not disabled. Tr. 19. Based on the testimony of the vocational expert [VE], and in consideration of Wright's age, education, work experience and RFC, the ALJ determined that Wright was able to perform other work that exists in significant numbers in the national economy. Tr. 20.

## DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the

Commissioner,[1] even if it finds that the evidence leans against the Commissioner's decision.[2] If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[4] First, the plaintiff must prove he is not currently engaged in substantial gainful activity.[5] Second, the Commissioner considers the medical severity of the claimant's impairment.[6] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[7] Fourth, the Commissioner considers their assessment of the claimant's residual functional capacity and the claimant bears the burden of proving he is

---

[1] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[2] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[3] *See* 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520(2007).

[4] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R. §§ 404.1520(a)(4)(I) & 416.920(a)(4)(I) (2007).

[6] 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii) (2007).

[7] 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii) (2007).

incapable of meeting the physical and mental demands of his past relevant work.[8] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[9] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[10]

Wright asserts that the Commissioner erred because the ALJ's assessment of Wright's RFC was not supported by substantial evidence, and the Appeals Council committed an error of law by failing to follow its own policy and procedures with regard to the additional evidence presented to it.

The ALJ's Assessment of Wright's RFC Was Not Supported By Substantial Evidence

Wright argues that the ALJ"s determination of his RFC was not supported by substantial evidence, which in turn caused his determination at step 5 of the evaluation process to be unsupported by the evidence. Docket #9.

There must be substantial evidence of each physical requirement listed in the regulations in order for the ALJ's assessment of the claimant's RFC to be sustained. *Jones v. Massanari*, 2001 WL 1593121, *2 (N.D. Miss. 2001) (internal citations omitted). The ALJ is not qualified to interpret medical evidence and reach conclusions regarding the claimant's physical exertional capacity without a physician's assessment, and a determination without such support is not based

---

[8] 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv) ( 2007).

[9] 20 C.F.R §§ 404.1520(a)(4)(v)& 416.920(a)(4)(v) (2007).

[10] *Muse*, 925 F.2d at 789.

on substantial evidence. *Id.*

Under federal regulations,[11] nurse-practitioners are not "acceptable medical sources" that can provide evidence to establish whether the claimant is disabled. The SSA, however, may consider the evidence provided by those other sources including nurse practioners. *See* 20 C.F.R. §404.1513(d); 20 C.F.R. §416.913(d). In interpreting these regulations, the SSA recognized that because nurse practitioners now play an important role in health care delivery; their opinions should be evaluated "on key issues such as impairment, severity and functional effects, along with other relevant evidence in the file." SSR 06-03p, 2006 WL 232993, *3. The SSA stated that their opinions of nurse practitioners should be evaluated using the same factors as those used for "acceptable medical sources," including: (1) how long the source has known and how frequently the source has seen the claimant; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support the opinion; (4) how well the source explains the opinion; and (5) whether the source has a speciality or area of expertise. *See* 20 C.F.R. §§ 404.1527(d) & 416.927(d).

Although it is clear that the ALJ reviewed Wright's medical records and discussed them in detail, there is not substantial evidence to support his determination of Wright's RFC. The only medical assessment of Wright's physical exertional ability in the record is the physical capacity evaluation completed by Valerie Fraizer, CFNP, which appears countersigned by a physician. Tr. 283-84. Ms. Fraizer found that Wright could frequently lift up to 9 pounds, but never lift anything heavier; frequently carry up to 9 pounds, but never anything heavier; rarely reach above shoulder level, but never bend, stoop, squat, crawl or climb. Further, she found that

---

[11] 20 C.F.R. §§ 404.1513(d) & 416.913(d).

Wright should have mild restrictions with respect to marked changes in heat and temperature and exposure to dust, fumes and gases and that it was necessary for him to lie down during the day secondary to pain. Tr. 283-84. Ultimately, Ms. Fraizer opined that Wright was totally disabled. *Id.* Ms. Fraizer's opinion of Wright's RFC was significantly different from the ALJ's determination of Wright's RFC. The ALJ did not acknowledge Ms. Fraizer's physical capacity evaluation as being part of the record, let alone evaluate her opinion in accordance with the regulations. Tr. 17. Moreover, the ALJ was not presented with any other opinion by a medical professional of Wright's RFC, and he failed to explain how the evidence supports his conclusions regarding Wright's RFC. Consequently, the court finds that the ALJ's determination of Wright's RFC was not based on substantial evidence and must be reversed.

Failure of the Appeals Council to Address the Evidence Presented by Wright on Appeal

Wright argues that the Appeals Council violated the SSA's own internal rules by failing to follow its own regulations and rulings and Fifth Circuit case law.[12] Docket # 9, p. 10. In its decision, the Appeals Council noted that "it considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order" but that it found no reason under our rules to review the Administrative Law Judge's decision." Tr. 1.

The evidence submitted to the Appeals Council became part of Wright's record that is now being reviewed by this court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Consequently, it this court's role to determine whether the Appeals Council's determination that the ALJ's decision was supported by substantial evidence in light of the

---

[12] Wright cites 20 C.F.R. § 404.1527(d), SSR 96-2p, SSR 96-5p, and *Newton v. Apfel,* 209 F.3d 448 (5th Cir. 2000).

evidence presented to the Appeals Council.

As discussed above, there was not substantial evidence to support the ALJ's determination that Wright was not disabled and could return to his previous work. The new evidence that Wright presented to the Appeals Council included medical source statements from Drs. Packard and Abu-Hamdan, additional medical records and a report from Dr. Wallis. *See* Tr. 4, 683-687, 694-698. These medical source statements, from Wright's treating physicians, present new evidence to the Appeals Council that flatly contradict the ALJ's determination. Dr. Packard's Crohn's medical source statement questionnaire indicates that: Wright suffers form Crohn's/malabsorption, which is expected to last at least a year, Wright is not a malingerer and he requires ready access to a bathroom so that he can take unscheduled bathroom breaks throughout the work day. Tr. 683-687. Dr. Abu-Hamdan's mental impairment questionnaire/medical source statement indicates that: Wright suffered from chronic schizophrenia or psychotic disorder for at least the past two years and is expected to continue to suffer from this mental impairment, Wright is not a malingerer and Wright's ability to perform unskilled work may be markedly affected by his mental illness. Tr. 694-99. Because this new evidence presented to the Appeals Council clearly does not support the ALJ's determination, a different conclusion may have reached upon review. Consequently, the court finds that Wright was prejudiced, and reversal is appropriate. *See Newton v. Apfel*. 209 F.3d 448, 458 (5th Cir. 2000) (reversal of the decision is appropriate if the claimant demonstrates prejudice).

## **CONCLUSION**

For the foregoing reasons, the court concludes that the Commissioner's decision that Wright was not disabled and could still perform certain other work that exists in significant

numbers in the national economy is not supported by substantial evidence and should be reversed. The case must be remanded to the Commissioner of Social Security with instructions to require the ALJ to review the evidence *de novo*, taking such further evidence as is required to determine the plaintiff's eligibility for benefits under the law and in accordance with this Memorandum Opinion. A separate judgment reversing the Commissioner's final decision will issue simultaneously with this Memorandum Opinion.

This the 15th day of March, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE